3 Times Square<br>
NY NY 10036

September 12, 2025

**<u>Via ECF</u>**
Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

   Re: <u>Avraham Goldstein v. City University of New York, et al.</u>
     Civil Action No.: 25-cv-00475 (JAV)

Dear Judge Vargas:

  This Joint Letter is submitted pursuant to this Court's January 28, 2025 Order, Dkt. 7, on behalf of the Plaintiff Avraham Goldstein and the Defendants who have appeared herein, namely, the City University of New York (CUNY), the Borough of Manhattan Community College (BMCC).  The Office of Corporation Counsel of the City of New York is currently undertaking a representation decision of Theresa B. Wade, Saly Abd Alla and Feliz V. Matos Rodriguez.  Individual defendants Odelia Levy and Tammie N. Velasquez have not yet been served. CUNY is confirming whether Nadia Saleh is a current employee of its research foundation, which is a separate legal entity from CUNY, which may impact representation.

  **1) Nature of the action and principal defenses**

   **a. Plaintiff's Statement - Principal Claims**

   Plaintiff Professor Avraham Goldstein is a CUNY BMCC mathematics professor who asserts claims of religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, New York State Human Rights Law, and New York Civil Rights Law § 40 and § 40-c, and Due Process and Equal Protection violations of the United States Constitution under 42 U.S.C. § 1983 against Defendants.

   Plaintiff Prof. Goldstein is Jewish by religion and ethnicity and Israeli by national origin and citizenship.  In March 2023, Defendants sponsored a three-part antisemitic anti-Israel program, which for example falsely and antisemitically labeled Israel a "colonialist" state, a patently false aspersion since Jews have no other state from which to launch a "colony," and antisemitically denying the Jewish people, which history records began indigenously in Israel, and who comprise the majority population in that land today, the right to self-determination.

Prof. Goldstein publicly opposed this antisemitic program, first by speaking to the press, then by asking the Defendants in writing to sponsor a program on Jewish indigeneity in Israel to counteract the antisemitic propaganda, and ultimately by filing discrimination charges with Defendants, ultimately via the CUNY portal.

In response, Defendants retaliated against him by false and defamatory online reviews, the weaponization of patently false discrimination charges against him, and by refusing to appoint him to the CUNY Jewish Life and Advisory Council to which he had been recommended.

Prof. Goldstein remained in stressful limbo as the target of this patently baseless investigation for 15 months, requiring him to take time away from work and time off, when a cursory examination of the complained about media would have revealed that it is spurious.

To this day, Defendants have not offered corrective antisemitism anti-discrimination programming on Jewish indigeneity in Israel, nor have Defendants appointed Plaintiff to the CUNY Advisory Council on Jewish Life.  Plaintiff's service on the Advisory Council on Jewish Life would constitute university service and thereby contribute to Plaintiff's promotion to Associate Professor, which would on information and belief result in increased compensation.

b. **Defendant's Statement - Principal Defenses**

Plaintiff Avraham Goldstein ("Plaintiff"), commenced this action on January 15, 2025, filed an Amended Complaint ("FAC") on June 3, 2025, then filed a Second Amended Complaint ("SAC") on July 31, 2025.  Plaintiff alleges that he was subjected to discrimination, harassment, and retaliation based on his national origin and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Executive Law §§ 290, et seq. ("SHRL"), and the New York City Administrative Code §§ 8-101, et seq. ("CHRL").  Plaintiff further alleges violations of the New York Civil Rights Law § 40 and 40-c, as well as deprivations of his procedural due process and equal protection rights under the Fourteenth Amendment.

Defendants plan to move pursuant to 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss the SAC on many of the same defenses delineated in their motion to dismiss the FAC filed on June 23, 2025.  See ECF Dkt. Nos. 31, 32.  Defendants anticipate seeking a dismissal of the SAC arguing primarily that Plaintiff still fails to state a plausible claim under federal, state, or city law; and that Plaintiff's claims targets protected speech.

**2) Jurisdiction and Venue**

Jurisdiction is founded upon 28 U.S.C. § 1331 Federal Question because this is a civil action arising under the Constitution and laws of the United States, and principles of supplemental jurisdiction under 28 U.S.C. §1367

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants CUNY and BMCC are subject to the court's personal jurisdiction within the Southern District of New York with respect to this action, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**3) .Outstanding motions**

None.

**4) Deadlines, due dates, and/or cut-off dates**

Defendants to respond to the Second Amended Complaint by 10/16/25; responses due by 12/15/2025; replies due by 1/22/2026.

**5) Discovery that has taken place and Discovery Necessary for Meaningful Settlement Negotiations**

a) No discovery has taken place yet.

b) Meaningful settlement negotiations may be assisted by production of documents relating to:

   a. Defendants' communications regarding media publications on 3/16/23 and 3/19/23 regarding Professor Goldstein's opposition to the three-part program hosted by CUNY BMCC's Social Justice and Equity Center (SJEC) –
   b. Defendants' communications regarding Defendant Saleh's 3/20/23 discrimination charges against Prof. Goldstein
   c. Defendants' communications regarding Prof. Goldstein's 3/21/23 request to Defendants' for programming on Jewish indigeneity in Israel
   d. Defendants' communications regarding 3/22/25 negative RateMyProfessor online reviews of Prof. Goldstein
   e. Defendants' communications regarding Prof. Goldstein's 3/26/23 discrimination charge
   f. Defendants' communications regarding Prof. Goldstein's 6/4/23 CUNY portal discrimination charge
   g. Defendants' communications regarding Defendants' 7/13/23 notification to Prof. Goldstein that he was the target of an investigation

3

       into accusations that he discriminated against and/or harassed Nadia A. Saleh based on her ethnicity and religion

  h. Plaintiff's documents regarding his alleged damages.

**6) Prior settlement discussions**

Undersigned counsel telephonically discussed settlement on 5/19/25 for approximately five minutes and on 9/10/25 for approximately twenty minutes.

**7) Statement Regarding Alternative Dispute Resolution Mechanism Discussion**

The parties have discussed the use of alternate dispute resolution mechanisms and the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator if Defendants pay for a private mediator would be appropriate after a decision on Defendants' motion to dismiss.

A proposed Civil Case Management Plan and Scheduling Order is attached as an exhibit to this Joint Letter.

Respectfully submitted,

**NATIONAL JEWISH ADVOCACY CENTER**
Abra Siegel, Senior Litigation Counsel
Lauren Israelovitch, Senior Litigation Counsel
3 Times Square
New York, NY 10036

*Counsel for Plaintiff*

**MURIEL GOODE-TRUFANT**
Corporation Counsel for the City of New York
Karen K. Rhau, Assistant Corporation Counsel
100 Church Street
New York, NY 10007

*Counsel for Defendants City University of New York, The Borough of Manhattan Community College*