UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                            :
AVRAHAM GOLDSTEIN,                                          :
                                                            :
                        Plaintiff,                          :
                                                            :                25-CV-0475 (JAV)
            -v-                                              :
                                                            :                ORDER
CITY UNIVERSITY OF NEW YORK, et al.,                        :
                                                            :
                        Defendants.                         :
                                                            :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On July 31, 2025, Plaintiff Avraham Goldstein ("Plaintiff") filed a Second Amended

Complaint against multiple Defendants, including Defendant Nadia A. Saleh ("Defendant").

ECF No. 41 ("Second Am. Compl."). On October 30, 2025, Defendant filed a motion to dismiss

Plaintiff's Second Amended Complaint. ECF No. 82 ("Mot. to Dismiss") at 1. In the Motion to

Dismiss, Defendant argues, *inter alia*, that Plaintiff has failed to bring a claim under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 1983, New York State Human Rights Law

("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New York Civil Rights

Law ("NYCRL"). *See* Mot. to Dismiss at 6-37. On November 19, 2025, Defendant filed a

motion to stay discovery until the resolution of the pending Motion to Dismiss. ECF No. 94

("Mot. to Stay") at 1. In light of the pending Motion to Dismiss, Defendant contends that a stay

of discovery is appropriate because it is supported by the strength of the dismissal arguments,

would spare Defendant the unreasonable burden of significant and intrusive discovery, and

would cause minimal prejudice to Plaintiff. *Id.* at 1-4. For the following reasons, Defendant's

Motion to Stay Discovery is GRANTED.

"A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted).  Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).  "Good cause" is assessed through the application of three factors: (1) "[w]hether the defendant has made a strong showing that the plaintiff's claim is unmeritorious," (2) "[t]he breadth of discovery and the burden of responding to it," and (3) "[t]he risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010) (quoting *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 08-CV-3166 (NG) (MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009)); *Best Partners Mortg. Coop., Inc. v. Plaza Home Mortg., Inc.*, No. 24-CV-5184 (LTS) (JW), 2025 WL 419293, at *1 (S.D.N.Y. Jan. 24, 2025).  "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery.  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court finds that there is good cause to stay discovery.  Concerning the first factor, the Court does not opine on the merits of the pending Motion to Dismiss but does recognize that Defendant raises substantial arguments that Plaintiff has failed to state his claims.  The first factor therefore weighs in favor of a stay.

In terms of the second factor, the breadth of discovery is likely voluminous.  In Plaintiff's First Set of Document Requests, Plaintiff requests extensive discovery, including "[a]ll

2

documents, emails, text messages, Teams/Slack/MS Chat, or other [electronically stored information]" relating to various subject matter covering a time period of more than three years. ECF 94-1 at 1-7. If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss. So, the second factor weighs in favor of a stay too.

Finally, the last factor also weighs in favor of a stay. The litigation is still in its early stages as the Second Amended Complaint was filed on July 31, 2025. *See* Second Am. Compl. at 1. The remedies Plaintiff seeks, moreover, do not require immediate action since they primarily concern the award of monetary damages (besides Plaintiff's request for appointment to Defendant City University of New York's Advisory Council on Jewish Life). Second Am. Compl. at 39. Finally, the only prejudice that Plaintiff identifies as resulting from a stay of discovery is "a truncated timeline" to "complete all remaining discovery," which would give Defendant "a strategic advantage." Such prejudice, however, can be easily remedied through extending the discovery timeline if need be. Accordingly, the Court finds that Plaintiff will suffer no prejudice from a stay in discovery until resolution of the Motion to Dismiss.

Accordingly, Defendant's Motion to Stay Discovery as to Defendant Saleh is GRANTED. The Clerk of Court is directed to terminate ECF No. 94.

SO ORDERED.

Dated:  December 3, 2025
   New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge