No. 25 CV 00475 (JAV)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVRAHAM GOLDSTEIN,

Plaintiff,

- against -

BOROUGH OF MANHATTAN COMMUNITY
COLLEGE; CITY UNIVERSITY OF NEW YORK,
TAMMIE N. VELASQUEZ, NADIA A. SALEH,
THERESA B. WADE, ODELIA LEVY, SALY ABD
ALLA, and FELIX V. MATOS RODRIGUEZ,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

*STEVEN BANKS*
*Corporation Counsel of the City of New York*

*Attorney for Defendants BMCC, CUNY,*
*Velasquez, Wade, Levy, Abd Alla, and*
*Rodríguez*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karen K. Rhau*
*Tel: (212) 356-2475*
*Matter #:2025-008310*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

      A.  Procedural History ................................................................................... 2

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT

      POINT I

           ALL CLAIMS AGAINST DEFENDANTS BMCC,
           WADE, LEVY, ABD ALLA, MATOS
           RODRIGUEZ, AND VELASQUEZ SHOULD BE
           DISMISSED .............................................................................................. 7

      POINT II

           PLAINTIFF FAILS TO STATE A CLAIM
           UNDER NEW YORK CIVIL RIGHTS LAW §§ 40
           AND 40-C ................................................................................................. 9

      POINT III

           PLAINTIFF FAILS TO PLEAD ANY
           VIOLATION OF HIS CONSTITUTIONAL
           RIGHTS .................................................................................................. 10

           A.  Plaintiff's Procedural Due Process Claim Under
              the Fourteenth Amendment of the United States
              Constitution Fails Because He Has Not Alleged
              any Significant Deprivation. ................................................. 10

           B.  Plaintiff's Equal Protection Claim Under the
              Fourteenth Amendment of the United States
              Constitution Fails Because He Has Not
              Plausibly Alleged Defendants Were Motivated
              by Discriminatory Intent ..................................................... 12

      POINT IV

**Page**

PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANT CUNY UNDER 42 U.S.C. § 1983 .................................. 14

POINT V

THE TAC FAILS TO STATE A PLAUSIBLE CLAIM UNDER FEDERAL, STATE, OR LOCAL LAW. ................................................................................ 16

A. Plaintiff Fails to State a Claim of Disparate Treatment Under Title VII, §1983, The SHRL, or CHRL ................................................................. 16

    i.  Plaintiff's Title VII and § 1983 Claims Fail ........................... 17

    ii.  Plaintiff's SHRL and CHRL Claims Fail ............................... 21

B. Plaintiff Fails to Plausibly Allege a Hostile Work Environment Claim .................................................. 21

C. Plaintiff Fails to Plausibly Plead a Claim of Retaliation ........................................................... 24

    1.  Plaintiff fails to allege that Defendants took an adverse action against him or engaged in conduct that would deter a person from filing a complaint. .......................................... 25

    2.  There is no causal connection between the alleged retaliatory treatment and Plaintiff's protected activity ............................................ 27

POINT VI

PROTECTED SPEECH UNDER THE FIRST AMENDMENT CANNOT FORM THE BASIS OF PLAINTIFF'S DISCRIMINATION CLAIMS ......................................... 28

POINT VII

PARAGRAPHS 151-191 OF THE TAC MUST BE STRICKEN FOR FAILURE TO COMPLY WITH RULE 12(F) ............................................................... 30

CONCLUSION ................................................................ 31

ii

**Page**

CERTIFICATION ................................................................................................................ 32

iii

## TABLE OF AUTHORITIES

**Cases**                                                                          **Pages**

*Agosto v. New York City Dep't of Educ.*,
   982 F.3d 86 (2d Cir. 2020)........................................................................21

*Appleton v. City of New York*,
   Index No. 157849/2017,
   2019 N.Y. Misc. LEXIS 1051 (Sup. Ct., N.Y. Cty. Mar. 13, 2019)........................16

*Arroyo-Horne v. City of New York*,
   No. 16-CV-03857 (MKB),
   2018 U.S. Dist. LEXIS 151183 (E.D.N.Y. Sep. 5, 2018)........................................14

*Board of Regents v. Roth*,
   408 U.S. 564 (1972)..............................................................................10

*Brevot v. New York City Dept. of Educ.*,
   299 F App'x 19 (2d Cir. 2008) .................................................................11

*Burgis v. New York City Dep't of Sanitation*,
   798 F. 3d 63 (2d Cir. 2015).....................................................................13

*Calise v. Casa Redimix Concrete Corp.*,
   20 Civ. 7164 (PAE),
   2022 U.S. Dist. LEXIS 20962 (S.D.N.Y. Feb. 4, 2022)........................................23

*Clisuras v. City Univ. of New York*,
   359 F.3d 79 (2d Cir. 2004).......................................................................9

*Colon-Regus v. FEGS Health & Human Serv. Sys.*,
   12 Civ. 2223 (AT),
   2015 U.S. Dist. LEXIS 32027 (S.D.N.Y. Mar. 11, 2015) .......................................24

*Dolce v. Connetquot Cent. Sch. Dist*,
   24-CV-00622(HG),
   2025 U.S. Dist. LEXIS 67970 (E.D.N.Y. Apr. 9, 2025) .........................................13

*Duch v. Jakubek*,
   588 F.3d 757 (2d Cir. 2009).....................................................................21

*Ellis v. N.Y. Dep't of Educ.*,
   No. 19 Civ. 1441 (LAP),
   2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11, 2020) .......................................18

**Cases**                                                                                          **Pages**

*Finch v. N.Y. State Office of Children & Family Servs.*,
   10 CV 9691 (VB),
   2012 U.S. Dist. LEXIS 99453 (S.D.N.Y. May 30, 2012)......................................................9, 10

*Freud v. New York City Dep't of Educ.*,
   1:21-cv- 2281, 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. Mar. 25, 2022)........................24, 25

*Galabya v. N.Y.C. Bd. of Educ.*,
   202 F.3d 636, 640 (2d Cir. 2000)),
   cert. den., 568 U.S. 1144 (2013) ......................................................................................16

*Gartenberg v. Cooper Union for the Advancement of Science and Art*,
   765 F. Supp. 3d 245 (S.D.N.Y. Feb. 5, 2025)................................................................27, 28

*Haijin Cho-Brellis v. NY State Off. of Children & Family Servs.*,
   No. 21-CV-1957 (KAM) (JMW),
   2022 U.S. Dist. LEXIS 135447 (E.D.N.Y. July 29, 2022)......................................................21

*Hamada v. State Univ. of NY at Farmingdale*,
   No. 23-CV-6786 (NRM),
   2025 U.S. Dist. LEXIS 55356 (E.D.N.Y. Mar. 25, 2025) ......................................................18

*Henry v. NYC Health & Hosp. Corp.*,
   18 F. Supp. 3d 396 (S.D.N.Y. 2014)..............................................................................17, 18

*Hernandez v. New York City Dep't of Sanitation*,
   18 Civ. 1808 (LGS),
   2018 U.S. Dist. LEXIS 184906 (S.D.N.Y. Oct. 29, 2018) ......................................................20

*James v. Borough of Manhattan Cmty. College*,
   No. 20-CV-10565 (LJL),
   2021 U.S. Dist. LEXIS 229173 (S.D.N.Y. Nov. 29, 2021) ......................................................9

*Johnson v. City of New York*,
   23-CV-5378, 2024 U.S. Dist. LEXIS 132580 (S.D.N.Y. July 24, 2024) ................................26

*Kimble v. Kingston City Sch. Dist.*,
   792 F. App'x 80 (2d Cir. 2019)......................................................................................14

*Landau v. Corp. of Haverford Coll.*,
   789 F. Supp. 3d 401 (E.D. Pa. 2025) ..............................................................................28

*Lax v. City Univ. of New York*,
   20-3906-cv, 2022 U.S. App. LEXIS 792 (2d Cir. Jan. 11, 2022)..........................................22

**Cases**                                                                                                                                **Pages**

*Leibowitz v. Cornell Univ.*,
    584 F.3d 487 (2d Cir. 2009)..................................................................................................19

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)..................................................................................................19

*Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*,
    483 F. App'x 660 (2d Cir. 2012) ...........................................................................................16

*Mastromonaco v. Cnty. of Westchester*,
    779 F. App'x 49 (2d Cir. 2019) .............................................................................................13

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973).............................................................................................................16

*McGrath v. Arroyo*,
    17-CV-1461 (NGG) (RER),
    2019 U.S. Dist. LEXIS 133769 (E.D.N.Y. Aug 8, 2019)................................................12, 23

*McGuinness v. Lincoln Hall*,
    262 F.3d 49 (2d Cir. 2001)...................................................................................................18

*Monclova v City of New York,*
    No. 12-CV-3187 (KAM) (RML),
    2014 U.S. Dist. LEXIS 138157 (E.D.N.Y. Sep. 29, 2014).......................................................21

*Monell v. Dept. of Social Servs.*,
    436 U.S. 658 (1978)..................................................................................................2, 13, 14

*Moroskin v. Nat'l Council on the Aging Senior Cmty. Serv. Emp. Program*,
    No. 23-cv-1301 (LTS),
    2023 U.S. Dist. LEXIS 153250 (S.D.N.Y. Aug 20, 2023).....................................................7, 9

*Newsome v. IDB Capital Corp.*,
    No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. 2016).................................18

*O'Neil v. City of Auburn*,
    23 F.3d 685 (2d Cir. 1994)...................................................................................................11

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007).................................................................................................21

*Patterson v. County of Oneida*,
    375 F.3d 206 (2d Cir. 2004)...................................................................................................7

| **Cases** | **Pages** |
|---|---|

*Potash v. Florida Union Free Sch. Dist.*,
972 F. Supp. 2d 557 (S.D.N.Y. 2013)......................................................................18

*Quinones v. New York City*,
No. 19 Civ. 05400 (LJL) (DF), 2020 U.S. Dist. LEXIS 149333 (Aug. 17,
2020), *adopoted in part by* 2020 U.S. Dist. LEXIS 219764 (S.D.N.Y. Nov. 23,
2020) .......................................................................................................................16

*Rivera v. Bd. of Educ. of the City Sch. Dist. of N.Y.*,
2021 U.S. Dist. LEXIS 224149 .................................................................................15

*Rivera v. City of New York*,
No. 16-CV-9709 (GHW),
2019 U.S. Dist. LEXIS 8601 (S.D.N.Y. Jan. 17, 2019)...........................................14

*Ruiz v. County of Rockland*,
609 F.3d 486 (2d Cir. 2010)....................................................................................16

*Salas v. New York City Dep't of Investigation*,
298 F. Supp. 3d 676 (S.D.N.Y. 2018).....................................................................19

*Scafidi v. Baldwin Union Free Sch. Dist.*,
295 F. Supp. 2d 235 (E.D.N.Y. 2003) .....................................................................25

*Segal v. City of New York*,
459 F.3d 207 (2d Cir. 2006)...............................................................................10, 14

*Syed Mohammed Aftab Karim v. N.Y. City Health & Hosps. Corp.*,
17 Civ. 6888 (AT),
2020 U.S. Dist. LEXIS 98723 (S.D.N.Y. June 4, 2025).........................................12

*Thomson v Odyssey House*,
No. 14-CV-3857 (MKB),
2015 U.S. Dist. LEXIS 125887 (E.D.N.Y. Sep. 21, 2015)................................17, 20

*Valmonte v. Bane*,
18 F.3d 992 (2d Cir. 1994).......................................................................................11

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015)...........................................................................12, 13, 18

*Vega v. Lantz*,
596 F.3d 77 (2d Cir. 2010).......................................................................................10

**Cases**                                                                                          **Pages**

*Williams v. Westchester Med. Ctr. Health Network,*
   21-CV-3746 (KMK),
   2022 U.S. Dist. LEXIS 175332 (S.D.N.Y. Sept. 27, 2022)......................................................19

**Statutes**

42 U.S.C. § 1983...........................................................1, 2, 10, 11, 12, 13, 14, 15, 21, 23

Fed. R. Civ. P. 8.................................................................................................................29

Fed. R. Civ. P. 12(b)(6)........................................................................................................2

Fed. R. Civ. P. 12(f).........................................................................................................2, 29

N.Y.C. Admin. Code §§ 8-101, *et seq.*..............................................................................1

N.Y. CRL § 40.............................................................................................................1, 2, 9

N.Y. CRL § 40-c..........................................................................................................1, 2, 9

N.Y. Educ. L. § 6202 (2) ....................................................................................................9

N.Y. Educ. L. § 6202 (5) ....................................................................................................9

N.Y. Educ. L. § 6203 ..........................................................................................................9

N.Y. Exec. Law §§ 290.........................................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
AVRAHAM GOLDSTEIN,

                                           Plaintiff,

-against-

                                    25-CV-00475 (JAV)

BOROUGH OF MANHATTAN COMMUNITY
COLLEGE; CITY UNIVERSITY OF NEW YORK,
TAMMIE N. VELASQUEZ, NADIA A. SALEH,
THERESA B. WADE, ODELIA LEVY, SALY ABD
ALLA, and FELIX V. MATOS RODRIGUEZ,

                                      Defendants.
--------------------------------------------------------------------------x

### DEFENDANTS CUNY, BMCC, VELASQUEZ, WADE, LEVY, ABD ALLA, AND MATOS RODRÍGUEZ'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Avraham Goldstein ("Plaintiff"), an Assistant Professor at the Borough of Manhattan Community College ("BMCC"), brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("§1983"), the New York State Executive Law §§ 290, *et seq*. ("SHRL"), and the New York City Administrative Code §§ 8-101, *et seq*. ("CHRL"), alleging that he was subjected to discrimination, harassment, and retaliation based on his national origin and religion.  Plaintiff further alleges violations of the New York Civil Rights Law § 40 and 40-c ("CRL"), as well as deprivations of his procedural due process and equal protection rights under the Fourteenth Amendment.  Defendants BMCC, The City University of New York ("CUNY"), Theresa B. Wade, Odelia Levy, Saly Abd Alla, Chancellor

Felix V. Matos Rodriguez, and Tammie N. Velasquez (collectively "Defendants")[1] now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Third Amended Complaint ("TAC") on the following grounds: (1) all claims against the individual Defendants and BMCC should be dismissed for failure to state a claim; (2) Plaintiff's discrimination claim under the New York Civil Rights Law § 40 and 40-c fails; (3) Plaintiff fails to state a "stigma-plus" due process claim; (4) Plaintiff fails to state a § 1983 Equal Protection Clause claim; (5) Plaintiff fails to state a Monell claim of municipal liability under 42 U.S.C. § 1983 against CUNY; (6) Plaintiff fails to state a claim of disparate treatment; (7) Plaintiff fails to state a hostile work environment claim; (8) Plaintiff fails to state a retaliation claim; (9) protected speech under the First Amendment cannot form the basis of Plaintiff's discrimination claims; and (10) paragraphs 151-191 must be stricken for failure to comply with FRCP § 12(f).    Accordingly, Plaintiff's TAC must be dismissed in its entirety.

## A.    Procedural History

On January 16, 2024, Plaintiff commenced this action against Defendants BMCC and CUNY.  *See* ECF Dkt. 1.  On June 3, 2025, Plaintiff filed an Amended Complaint ("FAC"). On June 23, 2024, Defendants BMCC and CUNY moved to dismiss the FAC in its entirety for failure to state a claim.  *See* ECF DKT. 31-32.  On July 31, 2025, Plaintiff responded to Defendants BMCC and CUNY's motion to dismiss by filing a Second Amended Complaint ("SAC").  *See* ECF Dkt. 41.  On October 30, 2025, Defendants filed a motion to dismiss Plaintiff's SAC.  *See* ECF Dkt. No. 83.  On January 9, 2026, Plaintiff filed a Third Amended Complaint ("TAC").  *See* ECF Dkt. No. 99.

---

[1] The undersigned appears on behalf of Defendants CUNY, BMCC, Velasquez, Wade, Levy, Abd Alla, and Matos Rodríguez ("City Defendants").  Nadia Saleh is represented by separate counsel, Jonathan Wallace.

**STATEMENT OF FACTS**[2]

BMCC is a community college in the CUNY system, located in lower Manhattan. BMCC is a vibrant and diverse teaching and learning community committed to advancing equity, intellectual development, and personal growth for all students.  Teaching and learning at BMCC are culturally responsive, sustaining and deeply engaging, honoring and celebrating the rich diversity of experiences and knowledge that every member of the BMCC community brings. BMCC Mission Statement and Goals. https://www.bmcc.cuny.edu/about-bmcc/mission-statement-and-goals/ (last visited March 4, 2025).

Plaintiff is an Assistant Professor in BMCC's Mathematics Department.  *See* TAC ¶ 27.  Plaintiff self-identifies as Jewish by ethnicity and religion, and Israeli by nationality and citizenship.  *Id.* ¶¶ 30-31.  Plaintiff also identifies as "a Zionist by dint of his religion and his national origin." *Id*. ¶ 32.  Plaintiff alleges that he experienced discrimination and was subject to a hostile work environment while on BMCC's campus, that there is a pattern of discrimination on the campus, and that Defendants retaliated against him for opposing antisemitism. *Id*. ¶¶ 20-23.

Plaintiff alleges that on March 15, 2023, Defendants hosted a poster exhibit in front of the Office of the Vice President of Student Affairs and the Women's Resource Center. *Id*. ¶ 48.  Plaintiff claims that BMCC's Social Justice and Equity Center ("SJEC"), a part of BMCC's Women's Resource Center which is run by Defendant Tammie Velasquez ("Velasquez"), sponsored the poster exhibit.  *Id*. ¶¶ 49-50.  Plaintiff alleges the poster exhibit contained "false and defamatory antisemitic statements," including "label[ing] Israel a colonialist state." *Id*. ¶¶ 52, 54.  The poster exhibit was allegedly part of a three-part program called the

---

[2] For purposes of this motion to dismiss only, Defendants treat the material allegations of the TAC as true.

"Palestinian Solidarity Series."  *Id*. ¶ 54.  This program also included a lecture by Maryam Shuaiv, who Plaintiff calls an "anti-Israel" activist and a screening of a film called "Farha," which Plaintiff describes as "anti-Israel."  *Id*. ¶¶ 56-57.

Later on March 15, 2023, Plaintiff alleges that he and a fellow Jewish BMCC Professor, Jenna Hirsch, contacted the press and forwarded photos of the exhibit to the X (formerly known as Twitter) account belonging to "S.A.F.E. CUNY."  *Id*. ¶ 60.  Plaintiff is a director of SAFE CUNY, which is an "organization that advocates for Zionist Jews systematically discriminated against and excluded at CUNY."  *Id*. ¶¶ 63-64.  On March 16, 2023, United With Israel[3] published an article about the poster exhibit.  *Id*. ¶ 61; *see also* "'Horrifying, Antisemitic, Campus-Sponsored' Programs at CUNY; Students Get College Credit for Participating," accessible at https://unitedwithisrael.org/horrifying-antisemitic-campus-sponsored-display-featured-at-cuny-students-get-academic-credit-for-participating/ (last accessed February 15, 2026).

On or about March 21, 2023, Plaintiff emailed "every person" on the BMCC SJEC website, asking SJEC to sponsor "anti-discrimination" education on "Jewish Indigeneity in Israel."  *Id*. ¶ 79.

On or about March 22, 2023, Plaintiff claims that "false and defamatory" reviews accusing Plaintiff of racism against Muslims and Palestinians appeared on "RateMyProfessor.com," which is not maintained by, and has no connection with, Defendants.

---

[3] United With Israel is an online publication which describes itself as "the world's largest Jewish pro-Israel community, with over 10 million followers in 180 countries. We transform passive Israel supporters into global activists, sharing impactful, pro-Israel messages and calls-to-action throughout the world."  *See* "About Us," United with Israel, accessible at https://unitedwithisrael.org/about-us/ (last accessed February 16, 2026).

*Id*. ¶ 82.  According to Plaintiff, the reviews referenced "non-existent courses" that Plaintiff did not teach or had not taught in the prior decade.  *Id*. ¶ 84.

On or about March 26, 2023, Plaintiff emailed CUNY Chancellor Felix V. Matos Rodriguez, BMCC President Anthony Munroe, and former Chief Diversity Officer Odelia Levy requesting an investigation into the reviews posted on "RateMyProfessor.com."  *Id*. ¶ 86. Plaintiff alleges that the reviews were posted one day after his request to the SJEC to provide education on Jewish Indigeneity in Israel.  *Id.*  On or about April 4, 2023, Plaintiff met with Defendant Wade, BMCC's former Deputy Director of Diversity and Title IX Compliance.[4]  *Id*. ¶ 89.  Wade asked whether Plaintiff suspected certain individuals were responsible for the reviews. *Id*. ¶ 90.  Plaintiff responded that the timing of the reviews, one day after his request to SJEC, was suspicious, and suggested that BMCC investigate SJEC staff.  *Id*.

On or about April 28, 2023, Plaintiff claims that BMCC SJEC and Defendant Saleh retaliated against him for his opposition to the poster exhibit by signing an online petition which described Plaintiff's complaints about the poster display as a "Zionist tactic."  *Id*. ¶ 96.  On May 5 and 17, 2023, Plaintiff complained to Defendants about the petition sponsored by the SJEC.  *Id*. ¶ 103.

Plaintiff also claims that BMCC has not granted his request to join the Advisory Council on Jewish Life ("Advisory Council").  *Id*. ¶ 109.  The council is composed of "prominent Jewish Leaders" and "advises the Chancellor on ways to uplift Jewish life and foster better communication between all religions on campus." "Combatting Antisemitism," available at https://www.cuny.edu/about/administration/offices/transformation/diversity-equity-and-inclusion-hub/combating-antisemitism/ (last visited February 15, 2026).  According to Plaintiff,

---

[4] Theresa Wade is currently the Executive Legal Counsel & Labor Designee at BMCC.

CUNY formed the Advisory Council on or about May 11, 2023. *Id*. ¶ 105. SAFE CUNY asked Defendant Rodriguez to appoint its members to the Advisory Council. *Id*. ¶ 106. Plaintiff alleges that a "CUNY constituent college Department Chairperson" recommended that Chancellor Matos Rodriguez nominate Plaintiff to the Advisory Council. *Id*. ¶ 108. Plaintiff claims he was more qualified than the existing members of the Advisory Council, asserting that appointees held a lower position or supported statements Plaintiff characterizes as "anti-Israel." *Id*. ¶¶ 110-111. Plaintiff further alleges that by allegedly refusing to appoint him to the Advisory Council, he has been excluded from potential opportunities promoting his "advancement and compensation." *Id*. ¶ 115.

On or about June 4, 2023, Plaintiff submitted a complaint of discrimination through CUNY's online portal. *Id*. ¶ 118. The complaint referenced several incidents, including the March 15, 2023, poster exhibit, the reviews on RateMyProfessor.com, BMCC SJEC's failure to respond to Plaintiff's request for education on Jewish Indigeneity in Israel, and the April 28, 2023, online petition. *Id*. Plaintiff alleges upon information and belief that Defendant Abd Alla oversaw CUNY's online portal. *Id*. ¶ 119.

On or about July 13, 2023, Defendant Wade allegedly notified Plaintiff that he was under investigation for a complaint filed four months earlier by Defendant Saleh. *Id*. ¶ 135. The investigation was into claims that Plaintiff contributed to a publication that disseminated false information regarding Ms. Saleh's ethnicity and religion. *Id*. ¶ 136. Plaintiff alleges that Defendants Wade and Levy refused to provide him with a copy of the complaint. *Id*. ¶ 143. On or about May 13, 2024, Plaintiff was notified that his complaints of discrimination regarding the statements found on RateMyProfessor.com, the alleged failure of the SJEC to respond to the request for anti-discrimination education, and the online petition sponsored by SJEC had not

been substantiated.  *Id*. ¶ 149.  On or about August 12, 2024, Plaintiff was informed that Ms. Saleh's complaints against Plaintiff that he engaged in ethnic and religious discrimination when he opposed the poster exhibit had also not been substantiated.  *Id*. ¶ 150.

Plaintiff alleges a lengthy narrative concerning a purported custom of weaponized investigations, along with a summary of a 2024 Lippman Report and academic discussions, none of which reference specific conduct by the Defendants toward the Plaintiff.  *Id*. ¶¶ 151-191. Additionally, Plaintiff alleges a separate investigation involving an unidentified non-Jewish professor at Kingsborough who was notified of their claims of discrimination and were dismissed.  *Id*. ¶¶ 203-204.  However, there is no reference to specific conduct by the Defendants.  *Id*.

## ARGUMENT

### POINT I

### ALL CLAIMS AGAINST DEFENDANTS BMCC, WADE, LEVY, ABD ALLA, MATOS RODRIGUEZ, AND VELASQUEZ SHOULD BE DISMISSED

Plaintiff's Title VII claims against Defendants Wade, Levy, Abd Alla, Matos Rodriguez, and Velasquez – Plaintiff's "First" and "Third" Causes of Action – must be dismissed because individuals cannot be held liable under Title VII. See *Patterson v. County of Oneida*, 375 F.3d 206, 211 (2d Cir. 2004).

SHRL and CHRL do provide for liability if the individual "actually participates in the conduct giving rise to the discrimination claim."  *Moroskin v. Nat'l Council on the Aging Senior Cmty. Serv. Emp. Program*, No. 23-cv-1301 (LTS), 2023 U.S. Dist. LEXIS 153250, *8 n.4 (S.D.N.Y. Aug 20, 2023).  Plaintiff's allegations regarding Wade, Levy, Abd Alla, Matos Rodriguez, and Velasquez are minimal and have nothing to do with Plaintiff's claims of

discrimination.   Plaintiff fails to describe any acts or conduct on the part of Wade, Levy, Abd Alla, Matos Rodriguez, and Velasquez that would give rise to discrimination. Plaintiff alleges he met with Wade on or about April 4, 2023 about investigating alleged defamatory reviews, Wade allegedly then assured Plaintiff that the matter would be investigated, promising an update at that time then again on or about April 24, 2023.  *See* TAC ¶ 93. Plaintiff claims that on March 26, 2023, he wrote to Levy requesting an investigation into the "retaliatory, public, false defamation."  *Id*. ¶ 86.  As for Abd Alla, Plaintiff merely alleges that she oversaw Defendant CUNY's online portal and was previously employed by the Council on American-Islamic Relations Minnesota.  *Id*. ¶ 119; *id*. ¶ 126.  But Ms. Abd Alla has no role in addressing Plaintiff's complaint, as she is the Chief Diversity Officer only for employees in CUNY's Central Office. See        "Chief        Diversity        Officer,"        available        at https://www.cuny.edu/about/administration/offices/hr/recruitment-diversity/people/#1592837480678-035d749f-4ba1 (last visited February 17, 2026).  Plaintiff is an employee at BMCC.  The only allegations against Matos Rodriguez are that Plaintiff copied him on an email requesting an investigation and that SAFE CUNY asked him to appoint its members, of which Plaintiff is a director, to CUNY's Advisory Council.  *Id*. ¶¶ 62, 86, 106. However, Plaintiff fails to establish how his own alleged qualifications are superior to those of other members of the Advisory Council, or to allege facts suggesting that the appointment decision was based on a protected characteristic.  *See id.* ¶ 111.  Finally, Plaintiff merely alleges that Velasquez's Women's Resource Center sponsored the poster exhibit and was a recipient of the March 21, 2023 email asking SJEC to sponsor education on Jewish Indigeneity in Israel.  *Id*. ¶ 79.

These allegations are wholly insufficient to attribute any liability to Wade, Levy, Abd Alla, Matos Rodriguez, and Velasquez, and they do not describe how these individual defendants were personally involved in actionable discriminatory conduct, even under the more liberal standard of the CHRL.  Plaintiff's complaints, that he was treated less well than others outside of his protected class based upon Wade's promises to follow-up, Alla's position as CUNY's Central Office Chief Diversity Officer or alleged affiliation with an organization, Levy's refusal to show Plaintiff a complaint, Rodriguez's failure to appoint SAFE CUNY members to the Advisory Council, or Velasquez's sponsorship of the exhibit do not amount to discriminatory conduct.  *See Moroskin*, 2023 U.S. Dist. LEXIS 153250 at n.4.  Plaintiff has not made any factual allegations on how these actions were connected to his religion or national origin.  Accordingly, this Court should dismiss all Title VII, SHRL, and CHRL claims against Wade, Levy, Abd Alla, Rodriguez and Velasquez.

Finally, all claims against Defendant BMCC must be dismissed because it is a non-suable subdivision of CUNY.  *See Clisuras v. City Univ. of New York*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (citing N.Y. Educ. L. §§ 6202 (2), 6202 (5), 6203); *see also James v. Borough of Manhattan Cmty. College*, No. 20-CV-10565 (LJL), 2021 U.S. Dist. LEXIS 229173 *9 (S.D.N.Y. Nov. 29, 2021).

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK CIVIL RIGHTS LAW §§ 40 AND 40-C

Plaintiff alleges Defendants discriminated against him by making defamatory statements about Plaintiff, fabricating complaints, and by "initiating and perpetuating bad-faith investigations of facially baseless claims," against Plaintiff, and by refusing to appoint him to the Advisory Council.  *See* TAC ¶ 343.  According to Plaintiff, these actions violated his civil rights

under New York Civil Rights Law § 40-c.  *Id.* ¶ 346.  Plaintiff, however, never alleges that he served the Attorney General with notice of his action as required under NYCRL § 40(d), *at or before the commencement of any action.  See Finch v. N.Y. State Office of Children & Family Servs.,* 10 CV 9691 (VB), 2012 U.S. Dist. LEXIS 99453, *31-32 (S.D.N.Y. May 30, 2012) (emphasis added).  A general statement that Plaintiff served the attorney general with notice is insufficient when there is no indication when the Plaintiff actually served notice.  Consequently, Plaintiff's discrimination claim under § 40 and § 40-C fails.[5]  *Id.*

### POINT III

### PLAINTIFF FAILS TO PLEAD ANY VIOLATION OF HIS CONSTITUTIONAL RIGHTS

**A.    Plaintiff's Procedural Due Process Claim Under the Fourteenth Amendment of the United States Constitution Fails Because He Has Not Alleged any Significant Deprivation.**

Plaintiff's "Fifth" cause of action pursuant to the Due Process Clause of the Fourteenth Amendment should be dismissed for failure to state a claim. To establish a § 1983 claim based on alleged denial of procedural due process, a plaintiff must show that he possessed a liberty or property interest protected by the Constitution, and that he was deprived of that liberty or property interest without due process.  *See Board of Regents v. Roth*, 408 U.S. 564 (1972). Plaintiff does not allege that he was deprived of a property interest – such as his continued, paid employment – without due process.  Rather, plaintiff claims that Defendants "infringed upon . . . [his] substantial liberty interest in his employment and professional reputation" by not providing mandated due process protections.  TAC ¶ 287.

---

[5] Even if Plaintiff had served the Attorney General, any claim under the NYCRL would fail for the reasons his Title VII, SHRL and CHRL claims fail.

To prevail on a due process claim based upon alleged deprivation of a liberty interest in one's reputation and good name, otherwise known as a "stigma-plus" claim, Plaintiff must establish: (1) that Defendants made false and stigmatized statements about him; (2) the stigmatized statements were made public; and (3) a tangible and material state-imposed burden in close temporal proximity to the stigmatized statement. *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010); *Segal v. City of New York*, 459 F.3d 207, 212-213 (2d Cir. 2006). Notably, the Second Circuit has made it clear that "the deleterious effects which flow directly from a sullied reputation [are] normally . . . insufficient. These would normally include the impact that defamation might have on job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation." *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994); *see also O'Neil v. City of Auburn*, 23 F.3d 685, 691 n.2 (2d Cir. 1994) ("[I]t is now clear that simple damage to reputation does not give rise to a liberty interest claim; rather, the damage must be accompanied by some significant deprivation, such as dismissal from government employment").

Here, Plaintiff fails to even minimally establish any of the elements of a "stigma plus" claim. Plaintiff certainly does not allege that Defendants made false statements in public, as opposed to in the course of an internal EEO investigation. *Brevot v. New York City Dept. of Educ.*, 299 F App'x 19, 21 (2d Cir. 2008) (an employer's creation of an internal document circulated only with the employing government agency does not establish publication for the purposes of a stigma plus claim). Finally, Plaintiff fails to allege any tangible and material state-imposed burden. As Plaintiff concedes, Defendants did not substantiate the investigation against him, and no action was taken with respect to his employment. Accordingly, for the reasons

- 11 -

above, Plaintiff's "Fifth" Cause of Action pursuant to the Procedural Due Process Clause should be dismissed.

**B.      Plaintiff's Equal Protection Claim Under the Fourteenth Amendment of the United States Constitution Fails Because He Has Not Plausibly Alleged Defendants Were Motivated by Discriminatory Intent.**

Plaintiff's "Sixth" Cause of Action pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment should also be dismissed for failure to state a claim. Plaintiff alleges that Defendants discriminated against him on the basis of religion and national origin due to their  alleged delay for four months in notifying Plaintiff that he was subject to an internal investigation because Defendant Saleh "claimed that he contributed to publications which wrote false information about Saleh based on her ethnicity and religion, and then shared those publications on social media." *See* TAC ¶¶ 297.  Plaintiff also alleges that Defendants discriminated against him by "perpetuat[ing] their retaliatory investigation of [Plaintiff] for approximately 15 months." *Id*. ¶ 298..

To state a prima facie claim of discrimination under § 1983 and the Equal Protection Clause, Plaintiff must plausibly allege that he "(1) is a member of a protected class, (2) 'was qualified' for the position he sought, (3) 'suffered an adverse employment action,' and (4) 'has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Syed Mohammed Aftab Karim v. N.Y. City Health & Hosps. Corp.*, 17 Civ. 6888 (AT) (OTW), 2020 U.S. Dist. LEXIS 98723, *15 (S.D.N.Y. June 4, 2025).

Here, Plaintiff's Equal Protection Clause claim fails because he has not alleged an adverse employment action or facts evincing discriminatory intent beyond conclusory assertions. At the outset, Plaintiff fails to sufficiently allege an adverse employment action based upon Defendants' notice that they were investigating discrimination claims against him.  Regarding the alleged 15-month investigation, employers are obligated to investigate claims of

discrimination; if they do not, they can incur liability for those discriminatory acts. *See McGrath v. Arroyo*, 17-CV-1461 (NGG) (RER), 2019 U.S. Dist. LEXIS 133769, *15 (E.D.N.Y. Aug 8, 2019) ("An employer's investigation of an employee arising out of allegations of discrimination… filed against that employee is not inherently an adverse employment action… because refusing to investigate an accusation of discrimination… could in fact, make the employer liable for that discrimination…").   Moreover, the allegations made against Plaintiff were ***unsubstantiated*** thereby having no materially adverse change in the terms and conditions of Plaintiff's employment. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015).   Plaintiff fails to allege any facts regarding how the alleged four-month delay in notifying him of the investigation against him had any negative impact on his employment. *Id.*

Nor has Plaintiff alleged facts to establish discriminatory intent. The only non-conclusory allegations Plaintiff provides to support this claim are that "[o]n information and belief, Defendants do not delay for four months in notifying similarly situated non-Jewish, non-Israeli employees of investigations into their conduct" and that "Defendants do not perpetuate for 15 months facially baseless investigations into the conduct of similarly non-Jewish, non-Israeli employees." *See* TAC ¶¶ 298-300.   Such threadbare allegations cannot sustain this element: there are no facts alleged whatsoever concerning similarly situated non-Jewish, non-Israeli employees that were treated differently. *See Burgis v. New York City Dep't of Sanitation*, 798 F. 3d 63, 68 (2d Cir. 2015).   Plaintiff fails to identify similarly situated individuals outside his protected class who were treated more favorably than him.   He also failed to provide specific instances of employees within his class who were treated similar to Plaintiff.   Without this information or any other facts pointing to discriminatory intent, this Court cannot infer discrimination, and Plaintiff's Equal Protection claim fails.

- 13 -

POINT IV

**PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANT CUNY UNDER 42 U.S.C. § 1983**

Plaintiff fails to plausibly plead a claim of municipal liability against Defendant CUNY under § 1983 because Plaintiff does not plausibly allege a violation of his constitutional rights, or that such a violation occurred as a result of a municipal custom, policy, or practice.

First, "[i]t is well settled that a *Monell* claim cannot succeed without an underlying constitutional violation." *Dolce v. Connetquot Cent. Sch. Dist*, 24-CV-00622(HG), 2025 U.S. Dist. LEXIS 67970, *40 (E.D.N.Y. Apr. 9, 2025) (citing *Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019)); *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). And since Plaintiff's constitutional claims fail, <u>See</u> *Supra* Point II. A and B, so must the *Monell* claim. *See Segal v. City of New York,* 495 F.3d 20, 219 (2d Cir. 2006) (affirming district court's decision in not addressing Monell liability when no underlying constitutional violations were found.).

Moreover, even assuming that Plaintiff had plausibly alleged a constitutional violation, Plaintiff fails to allege that Defendant CUNY had an official custom, policy, or practice that caused a deprivation of Plaintiff's rights. *See Rivera v. City of New York*, No. 16-CV-9709 (GHW), 2019 U.S. Dist. LEXIS 8601, at *21 (S.D.N.Y. Jan. 17, 2019) (essential element of a Monell claim is allegation of an official custom or policy). The TAC fails to set forth any facts regarding: "(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policy makers exercise 'deliberate indifference' to the rights of the plaintiff and others

- 14 -

encountering those subordinates." *Arroyo-Horne v. City of New York*, No. 16-CV-03857 (MKB), 2018 U.S. Dist. LEXIS 151183, at \*58 (E.D.N.Y. Sep. 5, 2018). Plaintiff's conclusory allegations merely asserting the existence of a municipal policy or custom are insufficient to plausibly allege a *Monell* claim. *See Kimble v. Kingston City Sch. Dist.*, 792 F. App'x 80, 82 (2d Cir. 2019) (affirming the dismissal of plaintiff's § 1983 action where plaintiff failed to plead any facts that would permit the court to conduct the necessary analysis to determine whether a final policymaker was involved, or, conversely, to determine whether plaintiff improperly sought to impose respondeat superior liability).

Plaintiff supports his claims of municipal liability by claiming Defendants "retaliatorily" commence an investigation against an employee who is Jewish and complains about antisemitism. *See* TAC ¶¶ 151-170. Plaintiff's arguments are unavailing. Under Monell, "a municipality may be liable for the acts of a single official — but only if that official is someone 'whose edicts or acts may fairly be said to represent official policy for the entire municipality." *Rivera v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 19 Civ. 11624 (KPF), 2021 U.S. Dist. LEXIS 224149, \*16. "Authority to set municipal policy resides in "the official or officials responsible for establishing *final* policy with respect to the subject matter in question." *Id.* at \*17. There are no allegations here that any of the complained of school officials, like Victoria Ajibade (Kingsborough College Chief Diversity Officer) and Lili Shi, are officers responsible for establishing final policy in CUNY with respect to investigations. Therefore, CUNY or BMCC cannot be held liable for the actions of any official who is not responsible for establishing final policy.

- 15 -

## POINT V

### THE TAC FAILS TO STATE A PLAUSIBLE CLAIM UNDER FEDERAL, STATE, OR LOCAL LAW.

**A.    Plaintiff Fails to State a Claim of Disparate Treatment Under Title VII, §1983, The SHRL, or CHRL.**

Plaintiff claims Defendants discriminated against him under Title VII, § 1983, the SHRL, and the CHRL, based on the following: (1) when the SJEC displayed a poster exhibit about Palestine, (2) BMCC's alleged failure to conduct a "good faith, reasonable investigation" of Plaintiff's reports of "antisemitic, anti-Israeli treatment," (3) making false statements about Plaintiff, (4) refusing to appoint him to the Jewish Advisory Life Council," and (5) conducting an investigation of Plaintiff following a complaint against him by Defendant Saleh. *See* TAC ¶ 48, 52, 109, 135, 147.

Claims of disparate treatment under Title VII are analyzed using the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz*, 609 F.3d at 491-92.

A "plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in terms and conditions of employment." *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 483 F. App'x 660, 662 (2d Cir. 2012) (citing *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)), cert. den., 568 U.S. 1144 (2013)). For an employment action to be considered materially adverse, it must be "more disruptive than a mere

- 16 -

inconvenience or an alteration of job responsibilities." *Id*.; *see Quinones v. New York City*, No. 19 Civ. 05400 (LJL) (DF), 2020 U.S. Dist. LEXIS 149333, *11 (Aug. 17, 2020) ("Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.") (citations and quotations omitted) *adopted in part by 2020* U.S. Dist. LEXIS 219764 (S.D.N.Y. Nov. 23, 2020).

For the SHRL, courts in this district have construed the 2019 amendment to the SHRL closer to the standard of the CHRL. *Id*. at 31.  To plead a cause of action of discrimination under the SHRL (post 2019) and CHRL, a plaintiff must show "differential treatment of any degree based on a discriminatory motive."  *Appleton v. City of New York*, Index No. 157849/2017, 2019 N.Y. Misc. LEXIS 1051, at *20 (Sup. Ct., N.Y. Cty. Mar. 13, 2019).  Even under this more liberal standard, Plaintiff must still show that he was subject to unequal treatment because of his protected characteristic.  *See Thomson v Odyssey House*, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *69 (E.D.N.Y. Sep. 21, 2015).

### i.   Plaintiff's Title VII and § 1983 Claims Fail

Plaintiff's Title VII and § 1983 disparate treatment claims fail because he has not alleged any adverse employment actions.  For example, Plaintiff has not alleged that he was terminated, that he received a demotion, or that he experienced any other action that diminished the terms and conditions of employment.

Instead, Plaintiff alleges acts that he characterizes as "adverse actions," but he does not allege how those acts constituted a material adverse change in the terms and conditions of his employment.  Regarding SJEC's display of the poster exhibits, Plaintiff fails to allege any

- 17 -

facts demonstrating that the poster exhibits caused any change to the terms and conditions of his employment. *See Henry v. NYC Health & Hosp. Corp.,* 18 F. Supp. 3d 396, 405 (S.D.N.Y. 2014). Similarly, the denial of the Plaintiff's appointment to the Advisory Council is not an adverse employment action since Plaintiff has not claimed that the denial resulted in any tangible or material loss of benefits of employment. *Id.* The same is true for the other acts Plaintiff alleges are adverse actions – there are no allegations connecting them to the terms and conditions of his employment. *See* TAC ¶¶ 21, 136. (alleging as discriminatory conduct Defendants' failure to respond to Plaintiff regarding his request for anti-discrimination education and the investigation of Plaintiff following a discrimination complaint filed against him that was found to be unsubstantiated).

Plaintiff, unsuccessfully, tries to establish that not having been selected for the Advisory Council was discriminatory because of the loss of the opportunity of a promotion. *See* TAC ¶ 113. According to Plaintiff, "[his] service on the Advisory Council… would constitute university service and thereby contribute to Plaintiff's promotion to Associate Professor." *Id*. Plaintiff has not alleged any details regarding how the failure to appoint Plaintiff to the Advisory Council, which does not appear related at all to his work as a Mathematics professor, constitutes an adverse employment action. *See Hamada v. State Univ. of NY at Farmingdale*, No. 23-CV-6786 (NRM), 2025 U.S. Dist. LEXIS 55356, at *8 (E.D.N.Y. Mar. 25, 2025) ("removal from university committees alone is generally insufficient to constitute an adverse employment action"); *Potash v. Florida Union Free Sch. Dist.*, 972 F. Supp. 2d 557, 585 (S.D.N.Y. 2013) (exclusion from school's technology grant committee was not an adverse employment action, based on conclusory allegations of lost career potential).

Plaintiff fails to plausibly plead that any of Defendants' actions were motivated by religious or national origin animus toward him.  A plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  Plaintiff may do so by alleging that he was treated less favorably than a similarly situated employee under circumstances which "support at least a minimal inference that the difference of treatment may be attributable to discrimination."  *Newsome v. IDB Capital Corp.*, No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754, at *45-46 (S.D.N.Y. 2016) (citing *McGuinness v. Lincoln Hall*, 262 F.3d 49, 54 (2d Cir. 2001)); *see also Ellis v. N.Y. Dep't of Educ.*, No. 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446, *9 (S.D.N.Y. Mar. 11, 2020).  Such an inference can arise from circumstances including "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse action]." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).  However, Plaintiff's "feelings and perceptions of being discriminated against are not evidence of discrimination." *Williams v. Westchester Med. Ctr. Health Network*, 21-CV-3746 (KMK), 2022 U.S. Dist. LEXIS 175332, *30 (S.D.N.Y. Sept. 27, 2022) ("without sufficient facts, even the most sincerely held beliefs of discrimination do not comprise a sufficient basis for withstanding a motion to dismiss.").

Here, Plaintiff has not alleged any actions that were motivated by discriminatory animus based on Plaintiff's religion or national origin that could support his claims.  Plaintiff relies heavily on conclusory statements and unsupported labels to advance his discrimination

claims, which are insufficient to survive a motion to dismiss. *See Fukelman* 2020 U.S. Dist. LEXIS 66410, *34 ("Merely alleging disparate treatment in a conclusory fashion is not enough."). For example, Plaintiff alleges that Defendants hosted a large poster exhibit containing "false and defamatory antisemitic statements." *See* TAC ¶ 52.. None of the alleged statements are directed towards Plaintiff, nor does he allege that those who made the poster did so with discriminatory animus towards Plaintiff. For instance, he cites SJEC's poster characterizing Israel as a "colonialist" state as evidence of discriminatory animus.[6] *Id*. ¶ 54. However, Plaintiff fails to allege any facial link between this statement and an alleged discriminatory animus directed towards Plaintiff. *See Salas v. New York City Dep't of Investigation*, 298 F. Supp. 3d 676, 687 (S.D.N.Y. 2018) (an inference of discrimination can be "actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus, or preferential treatment given to employees outside the protected class.").

Furthermore, Plaintiff fails to identify anyone outside of Plaintiff's protected class who is similarly situated to Plaintiff, who was treated in a more favorable manner than Plaintiff, or any other non-conclusory allegation to demonstrate that he was treated differently due to a discriminatory motive. *See Hernandez v. New York City Dep't of Sanitation*, 18 Civ. 1808 (LGS), 2018 U.S. Dist. LEXIS 184906, *7 (S.D.N.Y. Oct. 29, 2018) (finding plaintiff's conclusory allegations insufficient to show discrimination when plaintiff failed to show that alleged treatment of plaintiff was racially motivated). Plaintiff's conclusory allegations of discriminatory intent and differential treatment purport to sustain his federal claims: "Defendants' actions created an intimidating, hostile and offensive work environment for Plaintiff, as he was treated differently and unfairly compared to similarly situated, non-Jewish, non-Israeli employees."; *See* TAC ¶ 317; *see also Thomson*, 2015 U.S. Dist. LEXIS 125887, at

---

[6] This statement is also clearly protected speech under the First Amendment as discussed in Section VI below.

*70.  Plaintiff has alleged no specific facts supporting this allegation, and therefore his claims are subject to dismissal.

### ii.  Plaintiff's SHRL and CHRL Claims Fail

Plaintiff's discrimination claims under the SHRL and CHRL fail for the same reasons as his federal claims.  Even under the more liberal standards of the SHRL, and CHRL, Plaintiff fails to allege facts establishing that Defendants treated him less well because of a discriminatory motive.  Plaintiff relies primarily on conclusory assertions to support his discrimination claims which are insufficient to survive a motion to dismiss.  *See Fukelman* 2020 U.S. Dist. LEXIS 66410 at *34.  Here, for the reasons discussed above, Plaintiff alleges no non-conclusory facts nor does he provide any substantive arguments showing that Defendants treated him less well because he is Jewish, and consequently, his claims under the SHRL and CHRL fail.

## B.    Plaintiff Fails to Plausibly Allege a Hostile Work Environment Claim.

Plaintiff alleges that Defendants subjected him to a hostile work environment due to his religion and national origin by failing to investigate his complaints regarding anti-Israeli discrimination, making publicly false and defamatory statements about Plaintiff, initiating and conducting an investigation against Plaintiff following a complaint by a colleague, and refusing to appoint him to CUNY's Jewish Advisory Council.  See TAC ¶ 310.

Under Title VII and § 1983, Plaintiff must plausibly allege that his workplace "was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of his … employment were thereby altered." *Agosto v. New York City Dep't of Educ.,* 982 F.3d 86, 101 (2d Cir. 2020).  Plaintiff must show (1) that the alleged conduct was "severe or pervasive enough to create an objectively hostile or abusive work environment" and (2) that he "subjectively perceive[d] that environment to be abusive." *Duch v. Jakubek*, 588 F.3d

- 21 -

757, 762 (2d Cir. 2009).   Courts assess the totality of circumstances, including: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

Under the more liberal standards of the SHRL (post-2019) and the CHRL, Plaintiff must allege that he was "subject to inferior terms, conditions, or privileges of employment because of the individual's membership in one or more protected categories." *Haijin Cho-Brellis v. NY State Off. of Children & Family Servs.*, No. 21-CV-1957 (KAM) (JMW), 2022 U.S. Dist. LEXIS 135447, at *33 (E.D.N.Y. July 29, 2022). "It is well-settled, however, that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Monclova v City of New York*, No. 12-CV-3187 (KAM) (RML), 2014 U.S. Dist. LEXIS 138157, at *28 (E.D.N.Y. Sep. 29, 2014).

Plaintiff fails to plead a cognizable hostile work environment under Title VII, § 1983, the SHRL, or CHRL.  Plaintiff fails to allege that any of the complained-of conduct was done because of his religion or national origin.  As to Plaintiff's claims of Defendants failing to investigate his complaints regarding anti-Israeli discrimination, a failure to investigate does not affect the terms and conditions of his employment and could not be harassment under the law. *See Lax v. City Univ. of New York*, 20-3906-cv, 2022 U.S. App. LEXIS 792 *6 (2d Cir. Jan. 11, 2022) ("[A] failure to investigate d[oes] not by itself alter the terms and conditions of . . . employment and thus could not itself have contributed or constituted a hostile work environment.").  Also, by Plaintiff's own admission, this allegation is not true.  Defendants

- 22 -

notified Plaintiff on May 13, 2024 that, after investigation, his complaint had not been substantiated. *See* TAC ¶ 149.

Plaintiff also contends that allegedly false and defamatory statements on the RateMyProfessor.com website constitute harassment. *See* TAC ¶ 310. But those statements were made by anonymous users on a third-party website and cannot be attributed to Defendants. Plaintiff does not allege that Defendants made the remarks or exercised any control over their publication. Nor does Plaintiff plausibly allege how one isolated incident in which Plaintiff was accused of racism impacted his employment. The alleged comment on RateMyProfessor.com does not mention Plaintiff's religion or national origin or, as alleged, demonstrate discriminatory animus. *See id.* ¶¶ 82-83.

Plaintiff has also failed to allege that his non-appointment to the Advisory Council on Jewish Life is harassment under the SHRL. There are no allegations as to how his non-appointment to the Advisory Council on Jewish Life subjected Plaintiff to inferior terms and conditions of employment or how that decision was in any way related to Plaintiff's religion or national origin. Instead, Plaintiff merely points to alleged political views of members of the Council that differ from his own. *See id.* ¶ 111.

Plaintiff fails to establish a hostile work environment claim based on CUNY's investigation of Plaintiff's statements about Defendant Saleh. CUNY was legally obligated to investigate Defendant Saleh's complaint of discrimination and fulfilled its legal obligation. *See McGrath*, 2019 U.S. Dist. LEXIS 133769 at 15. Where, as here, the investigation ultimately found the claims against Plaintiff unsubstantiated, and Plaintiff was not disciplined in any way, Plaintiff fails to establish a hostile work environment claim based on CUNY's investigation.

Altogether, Plaintiff fails to allege that any Defendants' alleged acts of harassment were motivated by discriminatory animus, were "severe" or "pervasive" under Title VII and § 1983, or even under the more liberal standards of the SHRL and CHRL, or that he was subjected to unfavorable treatment based on his religion or national origin.  As such, his hostile work environment claims should be dismissed.

## C.    Plaintiff Fails to Plausibly Plead a Claim of Retaliation.

Plaintiff further contends that Defendants retaliated against him when Defendants allegedly engaged in the following acts: (1) making false and defamatory statements about Plaintiff on a website not affiliated with Defendants; (2) co-sponsoring and signaling a retaliatory online petition; (3) conducting an investigation against Plaintiff regarding allegations that Plaintiff contributed to publications, which wrote false information about Ms. Saleh based on her ethnicity and religion; and (4) by not appointing Plaintiff to the Advisory Council on Jewish Life.  *See* TAC ¶¶ 244, 262, 332.

To state an unlawful retaliation claim under Title VII and § 1983, Plaintiff must allege: "(1) [he] engaged in protected activity (2) [his] employer was aware of this activity; (3) the employer took adverse employment action against [him]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Calise v. Casa Redimix Concrete Corp.,* 20 Civ. 7164 (PAE), 2022 U.S. Dist. LEXIS 20962, *12-13 (S.D.N.Y. Feb. 4, 2022).  An adverse action in the retaliation context under Title VII is "any action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Colon-Regus v. FEGS Health & Human Serv. Sys.*, 12 Civ. 2223 (AT) (KNF), 2015 U.S. Dist. LEXIS 32027, at *32 (S.D.N.Y. Mar. 11, 2015).  To determine whether a person has alleged a retaliation claim under the SHRL and CHRL, the Plaintiff must show that "[he] took an action opposing [his] employer's discrimination and that, as a result, the employer engaged in conduct that was

reasonably likely to deter a person from engaging in such action. *Freud v. New York City Dep't of Educ.*, 1:21-cv- 2281, 2022 U.S. Dist. LEXIS 54353, *45 (S.D.N.Y. Mar. 25, 2022).

### 1. Plaintiff fails to allege that Defendants took an adverse action against him or engaged in conduct that would deter a person from filing a complaint.

Plaintiff fails to allege that Defendants took an adverse employment action against him in retaliation for his complaints. As to the reviews on RateMyProfessor.com, Plaintiff does not even allege, nor could he, that Defendants wrote the unfavorable reviews against him. When the Deputy Director of Diversity and Title IX Compliance Officer Theresa Wade asked Plaintiff whether he suspected specific individuals who may be responsible for the reviews, Plaintiff's only response was that the timing was "suspicious" because the posting of the reviews followed one day after asking for anti-discrimination education, and Plaintiff only suggested that Defendants investigate the BMCC SJEC staff. *See* TAC ¶ 90. Plaintiff has not alleged that the website was affiliated in any way with Defendants or that they are responsible for rating or posting on the website. Moreover, Plaintiff fails to allege facts showing that these anonymous reviews would reasonably deter a person from engaging in protected activity.

None of the other allegedly retaliatory conduct by Defendants would have dismayed someone from engaging in protected activity. Plaintiff does not allege how the April 28, 2023, petition addressing Plaintiff's opposition to the poster display discouraged him from making future complaints. In fact, Plaintiff made subsequent complaints on May 5 and 17, 2023 (about the petition) and June 4, 2023. *See* TAC ¶ 103; id. ¶ 118. *See Freud v. New York City Dep't of Educ.,* 1:21-cv-2281 (MKV), 2022 U.S. Dist. LEXIS 54353, *46 (S.D.N.Y. Mar. 25, 2022) (dismissing plaintiff's retaliation claims and finding that "the complained of conduct by the defendants did not chill Plaintiff's pursuit of his charge of discrimination" when Plaintiff mailed several notarized letters, filed an Office of Civil Rights complaint and a complaint with

the EEOC following defendant's alleged conduct.).  Moreover, the online petition is protected speech by members of the CUNY community and therefore cannot support a claim of retaliation. See TAC ¶ 96.

Nor does Plaintiff establish a cognizable retaliation claim based on CUNY's investigation of Defendant Saleh's EEO complaint against Plaintiff.  Plaintiff does not allege that CUNY's investigation, which was not substantiated against Plaintiff, would reasonably dissuade someone from engaging in protected activity.  In fact, CUNY is obligated to investigate such claims.  Plaintiff also fails to allege that Defendant Wade's purported refusal to provide Plaintiff with a copy of the complaint against him was connected to his alleged protected activity or would reasonably deter someone from protected activity.  *See* TAC ¶ 143.

Plaintiff has also not alleged any details regarding how the failure to appoint Plaintiff to the Advisory Council, which is not related at all to his work as a Mathematics professor at BMCC, could support an adverse action.  *See Scafidi v. Baldwin Union Free Sch. Dist.,* 295 F. Supp. 2d 235, 239 (E.D.N.Y. 2003) (dismissing retaliation claims based on failure to appoint plaintiff to a school committee, because it was not an adverse retaliatory action, and denying leave to amend based on futility).  Consequently, Plaintiff's retaliation claims fail.

**2. There is no causal connection between the alleged retaliatory treatment and Plaintiff's protected activity.**

Finally, there is also no causal connection between the alleged retaliatory treatment and Plaintiff's protected activity. Plaintiff alleges that the RateMyProfessor reviews were retaliatory, but those reviews were posted on March 22, 2023, *before* Plaintiff's first complaint to defendants on March 26, 2023. *See* TAC ¶ 82. *See Johnson v. City of New York,* 23-CV-5378, 2024 U.S. Dist. LEXIS 132580, *21 (S.D.N.Y. July 24, 2024) (dismissing Plaintiff's retaliation claim based upon a lack of a causal link between the alleged retaliatory conduct and protected activity, and finding since most of the conduct Plaintiff claims are adverse employment actions, preceded his protected activity.").

Plaintiff alleges Defendants retaliated against him by investigating Defendant Saleh's complaint that Plaintiff wrote false information about her based upon her ethnicity and religion and then shared these publications on social media. *See* TAC ¶ 135.. Plaintiff claims that this was in retaliation for his June 4, 2023 internal complaint of discrimination. *See id.* ¶ 147.

Plaintiff's retaliation claim based upon the investigation fails because of the lack of a causal connection between his complaint and this investigation. Defendants' investigation was prompted by Ms. Saleh's complaints of discrimination against Plaintiff, which defendants had a duty to investigate. According to Plaintiff, Defendants targeted Plaintiff by pursuing facially baseless allegations, in retaliation for him filing a complaint of discrimination via the CUNY university wide portal on June 4, 2023. *See* TAC ¶ 147. However, there are no facts supporting the alleged targeting by Defendants, or that the allegations are "facially baseless." What Plaintiff's allegations do support is the fact that an employee made a complaint of discrimination, and Defendants were tasked with investigating the complaint. Further, that

- 27 -

complaint was made on March 20, 2023, and so it too preceded any protected activity by Plaintiff. *Id.* ¶ 144.. The claim against Plaintiff was also found to be unsubstantiated, which again contradicts his allegations that the investigation was somehow retaliatory.

Plaintiff also claims Defendants retaliated against him when they did not appoint him to the Advisory Council on Jewish Life. *See* TAC ¶ 244, 262, 267. Defendants created the Advisory Council on Jewish Life on or about May 11, 2023. *Id.* ¶ 105. According to Plaintiff, as of the filing of his complaint, Defendants had not appointed Plaintiff to the Advisory Council. *Id.* ¶ 112. However, Plaintiff does not allege how the decision not to appoint him to the Council is connected to his alleged protected activity. Instead, he simply alleges that SAFE CUNY asked the Chancellor of CUNY to appoint him. *Id.* ¶ 106. Plaintiff does not allege that the Chancellor was aware of his protected activity, how Plaintiff being an Assistant Professor or Zionist qualifies for appointment to the Council, or any nonconclusory allegations linking his non-appointment to his protected activity. Therefore, Plaintiff's retaliation claims must be dismissed for failure to state a claim.

**POINT VI**

**PROTECTED SPEECH UNDER THE FIRST AMENDMENT CANNOT FORM THE BASIS OF PLAINTIFF'S DISCRIMINATION CLAIMS**

Plaintiff alleges that the poster exhibit was discriminatory because the poster labeled Israel a "colonialist" state and a petition circulated protesting Plaintiff's criticism of the poster display. *See* TAC ¶ 54. An allegation that Israel is a "colonialist" state, while not endorsed by Defendants, is protected by the First Amendment, and cannot support a Title VII, SHRL or CHRL claim. *See Gartenberg v. Cooper Union for the Advancement of Science and Art,* 765 F. Supp. 3d 245, 261 (S.D.N.Y. Feb. 5, 2025) ("[R]equiring schools to censor or punish

political speech to avoid liability for a hostile environment would burden not only their students' freedom of expression, but the academic freedom of the institution itself to create an educational environment centered around the free exchange of ideas.")  "Speech on a matter of public concern will generally fail to constitute unlawful harassment." *Id.* (internal quotes and citations omitted).  The poster display was "pure speech" that was "directed at the general public," not directed at any single individual. *Landau v. Corp. of Haverford Coll.*, 789 F. Supp. 3d 401, 413 (E.D. Pa. 2025) (finding lecture critical of Israel protected under First Amendment).  As such, the poster display is the "type of speech protected by the First Amendment, and therefore legally inactionable."  *Id.*; *Gartenberg*, 765 F. Supp. 3d at 275 ("It would be difficult to imagine an outcome more antithetical to the First Amendment than imposing liability for a hostile environment on a [] college for its judgment about what its students should be taught or allowed to say on matters of political significance.").

Here, Plaintiff alleges that he was offended by a poster exhibit that described Israel as a colonialist state, but this alone is insufficient. There is no allegation that the exhibit was directed at Plaintiff personally or that it involved threatening or intimidating language. It is also squarely directed at an important political issue, even if Plaintiff disagrees with the position expressed by the display.

SJEC's poster display and an online petition expressing a political viewpoint cannot support an inference of discrimination.  These alleged events were clearly on matters of public concern.  Plaintiff's subjective offense at a political viewpoint cannot establish a claim under federal, state, or local law.

- 29 -

**POINT VII**

**PARAGRAPHS 151-191 OF THE TAC MUST
BE STRICKEN FOR FAILURE TO COMPLY
WITH RULE 12(F)**

Rule 12(f) permits the "court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* FRCP § 12(f). Plaintiff's alleged facts in paragraphs 151-191 bear no relation whatsoever to Plaintiff's claims. Plaintiff's allegations concerning investigations that have commenced against employees who oppose antisemitism publicly, Governor Kathy Hochul's announcement about a review of Defendant CUNY's policies, Judge Jonathan Lippman's report, all do not involve any of the parties in this matter, and many of those investigations and incidents occur outside the applicable statutory limitations period. The allegations have nothing to do with Plaintiff's alleged adverse actions, alleged protected activities, or any alleged intentional discrimination against Plaintiff. Therefore, paragraphs 151- 191 of the TAC must be stricken for failure to comply with Rule 12(f) because the allegations are immaterial and wholly unrelated to Plaintiff's claims.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant its motion to dismiss the TAC in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          March 6, 2026

**STEVEN BANKS**
Corporation Counsel of the
  City of New York
Attorney for Defendants BMCC, CUNY, Wade,
Levy, Abd Alla, and Rodríguez
100 Church Street, Room 2-146
New York, New York 10007
(212) 356-2475
krhau@law.nyc.gov

By:    /s/ Karen K. Rhau
       Karen K. Rhau
       Assistant Corporation Counsel

## CERTIFICATION

I hereby certify that the enclosed brief is produced using 12-point Times New Roman type and the total number of words in the foregoing document including footnotes and exclusive of the caption, table of contents, table of authorities, and signature block, is 8,618 according to the "Word Count" function of Microsoft Word, the word processing system used to prepare the document, and thus that the document complies the word count limit set forth not to exceed 8,750 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated:      New York, New York
            March 6, 2026

/s/ Karen K. Rhau

Karen K. Rhau
Assistant Corporation Counsel