UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
AVRAHAM GOLDSTEIN,                                        :
                                                          :
                              Plaintiff,                  :        25-CV-00475 (JAV)
                                                          :
            -v-                                           :        ORDER
                                                          :
CITY UNIVERSITY OF NEW YORK, et al.,                     :
                                                          :
                              Defendants.                 :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 17, 2026, Defendants filed a motion to stay discovery pending resolution of

Defendants' motion to dismiss the Third Amended Complaint.  *See* ECF No. 118.  Plaintiff

opposes the motion to stay discovery.  ECF No. 119.

A motion to dismiss does not automatically stay discovery," and "discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed."  *Hong Leong*

*Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)

(citations omitted).  Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of

good cause a district court has considerable discretion to stay discovery."  *Id.* (quoting *Integrated*

*Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)).  "Good

cause" is assessed through the application of the following three factors:  "(1) whether a

defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth

of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party

opposing the stay."  *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010);

*Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2

(S.D.N.Y. Oct. 11, 2018).  "The burden of showing good cause . . . falls on the party seeking the

order" for a stay of discovery.  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677

(S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court finds that

there is good cause to stay discovery.  The Court does not opine on the merits of the pending

Motion to Dismiss but does recognize that Defendants raise substantial arguments that Plaintiff

has failed to state his claims.  In terms of the second factor, the breadth of discovery is likely

voluminous.  The Court has reviewed the document requests that have been served upon

Defendants.  These requests seek production of broad categories of documents and ESI, which

will be burdensome and expensive to produce.  A few examples of such discovery requests

include:

> All complaints of antisemitism, anti-Jewish discrimination, anti-Israeli discrimination, anti-Zionist discrimination, or hostile environment reports made to CUNY and/or Case 1:25-cv-00475-JAV Document 118-2 Filed 03/17/26 Page 5 of 8 BMCC (including to any portal, hotline, compliance office, Title IX office, EEO office, or HR office).
>
> All training materials, manuals, presentations, handouts, policies, guidance, slide decks, or reference materials used, developed, utilized, or consulted in performing complaint intake, preliminary assessment, or discrimination/harassment investigations at BMCC/CUNY.
>
> All policy manuals, training materials, slide decks, or guidance documents used, developed, or consulted by Defendants in assessing, reviewing, or resolving discrimination complaints involving Zionism, Israel, Jewish identity, antisemitism, or national origin discrimination.
>
> All training materials, manuals, slide decks, curricula, handouts, or reference materials used, developed, disseminated, or relied upon while at BMCC/CUNY relating to discrimination, antisemitism, Zionism, Israel, national origin discrimination, or colonialism narratives.
>
> All CUNY or BMCC policies, directives, practices, procedures,

> manuals, guidelines, and training materials relating to intake, referral, routing, evaluation, adjudication, disposition, or closure of complaints of discrimination or harassment.
>
> All materials, policies, memoranda, criteria, application forms, selection procedures, or decision documents relating to the formation and appointment of members to the Advisory Council on Jewish Life, including all versions of membership criteria, eligibility, or consideration standards.
>
> All drafts, versions, internal memoranda, talking points, briefing notes, policy memos, briefing books, outlines, determinations, or final decision documents You reviewed, relied on, prepared, edited, or approved concerning who was chosen and who was not chosen for the Advisory Council on Jewish Life.

ECF No. 118-2.

The last factor also weighs in favor of a stay. Plaintiff argues that a delay in taking discovery may result in "dimming witnesses' recollection of the events at issue." ECF No. 119 at 3. Yet much of the delay in moving forward with the resolution of the motions to dismiss has been a result of Plaintiff's requests for extensions of time, and multiple rounds of amending the complaint in this action. It cannot be ignored that as a result, under the schedule currently proposed by Plaintiff, briefing on the pending motions to dismiss would not conclude until April 30, 2026, approximately six months after the Court held its initial pretrial conference and half way through the discovery period. Defendants could well be required to substantially complete fact discovery before this Court could resolve a potentially meritorious dispositive motion.

Accordingly, Defendants' motion to stay discovery is GRANTED. The Clerk of the Court is respectfully directed to terminate ECF No. 118.

SO ORDERED.

Dated: April 1, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3