UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
AVRAHAM GOLDSTEIN,                                                 :
                                                                  :
                                    Plaintiff,                    :
                                                                  :                25-CV-0475 (JAV)
              -v-                                                 :
                                                                  :                ORDER
CITY UNIVERSITY OF NEW YORK, et al.,                              :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On January 9, 2026, Plaintiff Avraham Goldstein ("Plaintiff") filed his Third

Amended Complaint in this action.  ECF No. 99 ("Third Amended Complaint" or

"TAC").  Plaintiff alleges that he is employed as an assistant professor at City

University of New York, Borough of Manhattan Community College.  TAC, ¶ 27.

He is an Israeli citizen, an Orthodox Jew, and a Zionist.  *Id.*, ¶¶ 29-32.  Plaintiff

alleges that he was the subject of discrimination and retaliation after he complained

about a program on campus called the "Palestinian Solidarity Series."  *Id.*, ¶¶ 48-59.

Plaintiff asserts claims for religious and national origin discrimination and

retaliation under Title VII of the Civil Rights Act of 1964, New York State Human

Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and

New York Civil Rights Law ("NYCRL"), as well as claims under 42 U.S.C. § 1983 for

violation of his rights to due process and equal protection.

Defendant Nadia A. Saleh ("Defendant") brings this motion to strike

Paragraphs 34 through 46 of the Third Amended Complaint.  ECF No. 102.  These

paragraphs purport to outline the historical origins of the current state of Israel, beginning in Biblical times, then outlining events that took place during the Roman empire through the present day.  TAC, ¶ 34-46.  For the following reasons, Defendant's Motion to Strike is GRANTED.

Pursuant to Rule 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, whether to grant such a motion is within the district court's discretion.  *See E.E.O.C. v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues."  *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.,* 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005) (citation omitted).  To prevail on a Rule 12(f) motion, the movant must show "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant."  *Roe v. City of New York,* 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (cleaned up).

Although motions to strike are disfavored, Defendant has met the high bar required for such a motion in this case.  Evidence regarding the history of the Jewish state, including events that occurred several thousand years ago, have no bearing on whether Plaintiff was subject to discrimination or retaliation on the basis of his nationality or religion.  Requiring Defendant to either admit or deny

allegations regarding historical events that took place in 136 C.E. would serve no purpose.  Moreover, to the extent certain of these paragraphs set forth controverted and charged contentions regarding the creation of separate Israeli and Palestinian states in the Middle East, requiring Defendant to respond to those immaterial allegations would be prejudicial.

Accordingly, Defendant Saleh's Motion to Strike is GRANTED.  The Clerk of Court is directed to terminate ECF No. 102.

SO ORDERED.

Dated:  May 11, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge